IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL SINDRAM,                     *
                                     *
        Plaintiff,                   *
                                     *
v.                                   *    CIVIL ACTION NO.  TBA
                                     *    (ECF EXEMPT)
TAMARA SAUNDERS, et al.,             *
                                     *
        Defendants.                  *

## MEMORANDUM OPINION

A Verified Complaint ("Complaint") was filed in this case on October 19, 2005 by Plaintiff

Michael Sindram, a frequent litigator in the federal courts. Along with the Complaint, Sindram filed

a Motion for Temporary Restraining Order and For Related Relief and a Motion for Leave to

Proceed In Forma Pauperis.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.)

I.

Based on the financial averments in the Affidavit attached to his Motion to Proceed In Forma

Pauperis, the Court will GRANT, but for purposes of this case only, Sindram's Motion to Proceed

In Forma Pauperis.

II.

Before considering the merits of the Complaint, a brief discussion of Sindram's litigative

history is in order. On March 16, 1990, Judge Frederic Smalkin of this Court entered an order

establishing a pre-filing review procedure for all future actions Sindram might attempt to bring in

this Court.[1]  *See Sindram v. Wallin*, Civil Action No. S-90-800.  The procedure is relatively

---

[1]    Sindram's appellate challenge to this pre-filing review procedure was dismissed by the Fourth
Circuit. *See Sindram v. Wallin*, 905 F.2d 1531, 1990 WL 74258 (4th Cir. May 18, 1990).  His requests to
vacate Judge Smalkin's pre-filing order were also denied by this Court in 2004 and 2005.  Those decisions
were also affirmed by the Fourth Circuit. *See Sindram v. Wallin*, 126 Fed.Appx. 122, 2005 WL 900156 (4th
Cir. April 19, 2005).

straightforward. It directs the Clerk of the Court not to accept future actions brought by Sindram

unless a judge or magistrate of the court certifies that the complaint or other papers are filed in good

faith and not for any improper purpose, and that the action has a colorable basis in law and fact. [2]

Sindram has repeatedly filed Motions to Strike this pre-filing review procedure, claiming that the

"statute of limitations" on the procedure has expired and that the order has "outlived its usefulness."

All such Motions have been denied by this Court because the reasons for imposing the injunction

remain as appropriate today as they were when Judge Smalkin's order was issued. The fact that the

Court is reviewing yet another proposed complaint brought by Sindram against Zacker and/or other

University of Maryland administrators for the very same acts that have been the basis of several prior

Sindram complaints, all of which have been dismissed by the Court, is justification enough for the

prefiling review procedure to remain in place. [3]

### III.

Sindram has filed the present Complaint for compensatory, general, and punitive damages

against Tamara Saunders, a "black female administrator of Maryland University" and John Zacker,

a co-worker previously described by Sindram in other papers as the "director" for University of

Maryland Office of Judicial Programs & Student Ethical Development. He invokes 42 U.S.C.

---

[2]   This Court is not the only judicial body to impose a pre-filing review procedure for Sindram. The United States Supreme Court issued a pre-filing injunction against him in 1991, which remains in effect today. *See In re Sindram*, 498 U.S. 177 (1991). In addition, the Court notes that in March 2002, the Supreme Court directed its Clerk not to accept any further petitions in noncriminal matters from Sindram unless the docketing fee required is paid and the petition is submitted in compliance with Supreme Court Rules. *See Sindram v. Rubin*, 535 U.S. 901 (2002). The High Court's opinion was issued because Sindram was held to have "repeatedly abused" court process.

[3]   Although Sindram proceeds *pro se*, the Court notes that he is well-versed in federal pleading requirements and has been repeatedly cautioned to comply with the Federal Rules of Civil Procedure as well as with Judge Smalkin's pre-filing order.

§1981; the First, Fifth, Sixth, Seventh and Fourteenth Amendments; the Americans with Disabilities Act of 1990 ("ADA"); and the Family Education Rights and Privacy Act ("FERPA"). [4]

The present Complaint merely iterates Sindram's prior claims against John Zacker, which alleged that Zacker took action which prevented Sindram from receiving his Bachelor of Science degree from the University of Maryland in preparation for law school. *See Sindram v. Zacker*, Civil Action No. PJM-05-1205, *Sindram v. Zacker*, Civil Action No. PJM-05-1660, *Sindram v. Zacker, et al.*, Civil Action No. PJM-05-1978.   This time around, Sindram has simply added another colleague of Zacker, Tamara Saunders, as defendant. He has also repeated a number of the discrimination and breach of confidentiality claims previously raised in his complaints against Zacker alone.

IV.

The Court begins with Sindram's most "pressing" Motion, that for a Temporary Restraining Order and For Related Relief.  In order to obtain preliminary injunctive relief under Federal Rule of Civil Procedure 65, a plaintiff must demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that the defendant will not be harmed if the requested relief is granted; (iii) the likelihood that the plaintiff will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *Yakus v. United States*, 321 U.S. 414  (1944), *Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir.1977). A request for temporary restraining order will only be granted if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury,

---

[4]    The Complaint also contains allegations of defamation, among other non-constitutional violations, and an unsupported claim that Sindram's "constitutionally-guaranteed right to an education" is being violated.  With respect to this last claim, the Supreme Court has clearly declared that a public education is itself not a constitutional "right" that Sindram can enforce.  *See Plyler v. Doe*, 457 U.S. 202, 221  (1982) ("Public education is not a "right" granted to individuals by the Constitution.")

loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition . . . ." Fed. R. Civ. P. 65(b).

Sindram's request for a temporary restraining order in the present case comes nowhere close to establishing that immediate and irreparable injury, loss, or damage will result to him if the requested relief is not granted. Although he asserts that he will suffer irreparable harm if not provided his "Diploma and Degree," "Immediate correction of Plaintiff's devalued grades and devalued Grade Point Average," and "Release forthwith of Plaintiff's earned corrected Transcript," these averments clearly lack the urgency of possible immediate harm that would justify a temporary restraining order. While any delay in Sindram's receipt of these materials may be inconvenient, it is not irreparable. On the other hand, interference with Maryland University's authority to maintain the accuracy of its records may very well cause it harm. The Complaint on its face also fails to fulfill any of the requirements for preliminary injunctive relief. In short, the conditions set out by Sindram do not warrant immediate emergency or preliminary injunctive relief. Therefore, his Motion for Temporary Restraining Order and For Related Relief will be DENIED.

V.

A.

As for the merits of his claims, Sindram seeks to invoke 42 U.S.C. § 1981(a), which provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a claim under § 1981, the following must be alleged: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the

discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).

B.

Sindram is apparently also seeking relief under Title II of the ADA.  To state a claim under Title II of the ADA, a claimant must show that: (i) he or she is a qualified individual with a disability; (ii) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity, by reason of his or her disability; and (iii) the entity that provides the service, program, or activity is a public entity.   *See* 42 U.S.C. § 12132(4); *Baird v. Rose*, 192 F.3d 462, 466-67 (4th Cir. 1999); *Hallett v. New York*, 109 F.Supp.2d 190, 198 (S.D. N.Y. 2000).

C.

Finally, Sindram asserts a claim under FERPA, 20 U.S.C. § 1232g(b)(1), which states in relevant part that:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information...) of students without the written consent of their parents to any individual, agency, or organization . . .

D.

1.

The only factual allegations that can be extrapolated from the Complaint are that Sindram was expelled from the University (on some unspecified date), did not receive a transcript or diploma, had his grades devalued, and was denied disability support services classroom accommodations. Although he also makes reference to harm or injury to his belief in the theory of Intelligent Design, he does not specify how that belief was harmed or injured.

2.

Sindram is a Caucasian male who neither identifies his disability nor the manner in which he was subjected to discriminatory treatment because of it. [5] His § 1981 claim fails because he is not a member of a racial minority. His ADA claim fails because he has identified no cognizable disability, nor has he cited any discrimination that attended any such disability. His FERPA claim fails because FERPA does not create a private right of action. *Rothman v. Emory University*, 828 F.Supp 537, 542 (N.D. Il. 1993). The Act was adopted to address "systematic, not individual, violations of students' privacy by unauthorized releases of sensitive information in their educational records." *Jensen v. Reeves*, 45 F. Supp. 2d 1265, 1276 (D. Utah 1999) (citing *Gundlach v. Reinstein*, 924 F.Supp. 684 (E.D. Pa. 1996); *see also Ellis v. Cleveland Municipal School Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004).

3.

Sindram offers up other allegations suggestive of defamation, retaliation, conspiracy, harassment, and civil rights violations. But these allegations are little more than legal assertions and conclusions as opposed to facts. His defamation and harassment claims, for example, do no more than invoke the Due Process and Establishment Clauses. His claims that he has suffered "irreparable mental anguish, psychological deprivation, and loss of the enjoyment of life and of living" because of Defendants' alleged "promotion of Darwinian evolution . . . and 'big bang' theory" simply refer to his supposed right to believe in Intelligent Design and to engage in free speech. To the extent that

---

[5] In prior litigation in this Court, Sindram indicated that he is Caucasian and disabled. *Sindram v. Columbia Union College, et al.*, Civil Action No. PJM-04-1898. He has never, however, identified his disability. Moreover, while racial minorities are not the only persons entitled to relief under § 1981, *see McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 287-96 (1976) (holding that § 1981 "explicitly applies to 'All persons' (emphasis added [by Supreme Court]), including white persons" and discussing legislative history that reveals the statute was not intended to be limited in scope to discrimination against nonwhites), the Court finds that Sindram's allegations of race-based discrimination are vague and conclusory in nature and insufficient to state a claim under § 1981.

these claims may be suggestive of constitutional violations, they are far too vague to permit relief under federal civil rights law. *See Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir.1990).

4.

Finally, the Court notes that this latest filing by Sindram is not accompanied by a motion for certification, as required  pursuant to pre-filing review requirements established in *Sindram v. Wallin*, Civil Action No. S-90-800.  He continues to sally forth without the least regard for the consequences of his filings.

Federal courts owe the public at least some protection against having to respond to complaints that set out fanciful causes of action, especially when a plaintiff repeatedly brings frivolous and vexatious litigation against the same defendant.  Unquestionably it was just such a consideration that underlay Judge Smalkin's order of prefiling requirements for Sindram in the first place.

Before requiring Defendants in this case to respond, the Court has *sua sponte* reviewed the claims set forth in the Complaint to determine whether any viable cause of action is stated.  None has been.

Moreover, Sindram has failed to comply with the Court's pre-filing requisites and has failed to demonstrate that his Complaint has been filed in good faith and not for any improper purpose. Accordingly, this case will be DISMISSED WITH PREJUDICE.

A separate Order follows.

Date: _3/3/c6_

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE